**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **GREATGIGZ SOLUTIONS, LLC,** | **PATENT CASE** |
| **Plaintiff,** | **JURY TRIAL DEMANDED** |
| **v.** | **Civil Action No: 6-21-cv-00807** |
| **COSTCO WHOLESALE CORPORATION** | **Civil Action No: 6-21-cv-00808** |
| **CVS HEALTH CORPORATION** | **Civil Action No: 6-21-cv-00809** |
| **WALGREENS BOOTS ALLIANCE, INC.** | |
| **Defendant.** | |

**DEFENDANTS' OPPOSED JOINT MOTION TO STAY PENDING
RESOLUTION OF GREATGIGZ'S SUIT AGAINST INSTACART**

Defendants Costco Wholesale Corporation, CVS Health Corporation, and Walgreens Boots Alliance, Inc. (collectively, the "Customer Defendants") hereby jointly move to stay GreatGigz Solutions, LLC's ("GreatGigz") cases against the Customer Defendants pending resolution of GreatGigz's case against Maplebear Inc. D/B/A Instacart ("Instacart") in this District and Division (Case No. 6:20-cv-00737-ADA). Plaintiff GreatGigz opposes this motion.

**I.    INTRODUCTION**

GreatGigz's recent case filings against Instacart's customers should be stayed under the well-settled law giving precedence to a pending patent suit against the true defendant (here, Instacart) when the plaintiff files derivative actions against its customers. On August 4, 2021 and August 5, 2021, GreatGigz filed patent infringement lawsuits in this Court against each of the Customer Defendants (collectively, the "Customer Suits") in the Western District of Texas. In the Customer Suits, GreatGigz accuses each of the Customer Defendants of infringing U.S. Patent

Nos. 6.662,194 ("the '194 Patent"); 7,490,086 ("the '086 Patent"); 9,760,864 ("the '864 Patent"); and 10,096,000 ("the '000 Patent") (collectively, the "Asserted Patents") based on their use of Instacart's grocery delivery and pick-up software ("Instacart Software").

Previously, on August 14, 2020, GreatGigz filed a patent infringement lawsuit against Instacart in this District and Division. *See GreatGigz Solutions, LLC v. Maplebear, Inc. d/b/a Instacart,* No. 6-20-cv-00737 (the "Supplier Suit"). In the Supplier Suit, GreatGigz alleges infringement of the same four Asserted Patents on the basis of the same Instacart Software. Indeed, GreatGigz conceded in a Sur-Reply filed in the Supplier Suit that the Customer Suits "assert the same patents as the instant case, and the defendants in the [Customer] Cases utilize Instacart's platform (the Accused Instrumentalities in the instant case) for merchandise delivery." (Dkt. No. 29 at 1.).

The Customer Suits should be stayed pending resolution of the Supplier Suit. A stay would greatly simplify the issues in these Customer Suits because determinations in the Supplier Suit would apply equally in these Customer Suits, thereby serving judicial economy. A stay would not prejudice GreatGigz because this action is in its infancy, and the Supplier Suit was filed almost a year before the Customer Suits. The Customer Suits should therefore be stayed pending resolution of the Supplier Suit.

## II.    LEGAL STANDARD

A district court has the inherent power to control its own docket, including the power to stay proceedings. *Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936). In deciding whether to stay litigation, courts in this District consider: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and the trial of the case; and (3) whether discovery is complete and whether a trial date

has been set." *Lighthouse Consulting Group, LLC v. Truist Bank*, No. 2:19-cv-340-JRG, 2020 WL 6781977, at *2 (E.D. Tex. Apr. 7, 2020).

The Federal Circuit recognizes that "litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer." *Katz v. Lear Siegler, Inc*., 909 F.2d 1459, 1464 (Fed. Cir. 1990); *see also Glob. Equity Mgmt. (SA) Pty. Ltd. v. Ericsson, Inc.*, No. 2:16-cv-00618-RWS-RSP, 2017 WL 365398, at *7 (E.D. Tex. Jan. 25, 2017) (same); *Andco Envt'l Processes, Inc. v. Niagara Envt'l Assocs., Inc.*, 211 USPQ 544, 549 (W.D.N.Y 1981) ("[C]ourts generally prefer to resolve patent disputes through litigation between the patentee and the allegedly infringing manufacturer rather than the customer."). This is because the manufacturer has a "presumed greater interest in defending its actions against charges of patent infringement." *Id*. (citing *Spread Spectrum Screenings LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011).

Moreover, "[b]ecause manufacturers are intimately involved in the design, operation, and use of the accused [product], they are in the best position to contest the validity and infringement of [the] asserted patents." *Commissariat a L'Energie Atomique v. Tottori Sanyo Elec. Co., Ltd*., No. 03-484-KAJ, 2004 WL 1554382, at *3 (D. Del. May 13, 2004).[1] This is because, "in reality, the manufacturer is the true defendant in the customer suit," and "it is a simple fact of life that a manufacturer must protect its customers, either as a matter of contract, or good business, or in order to avoid the damaging impact of an adverse ruling against its products." *Katz v. Lear Siegler,*

---

[1] *See also, e.g., In re Nintendo of Am. Inc*., 756 F.3d 1363 (Fed. Cir. 2014) (severing and staying patentee's claims against retailers); *In re Google Inc*., 588 F. App'x 988 (Fed. Cir. 2014) (staying claims against smartphone companies directed to developer's operating system, pending outcome of declaratory judgment action filed by the developer); *Grecia v. Target Corporation*, 2018 WL 4283358 (N.D. Cal. Sept. 7, 2018) (granting motion to stay infringement suit against a customer while another infringement suit against the manufacturer proceeded).

*Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990) (quoting *Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 737-38 (1st Cir. 1977)).

## III.    ARGUMENT

The relevant factors strongly favor a stay of the Customer Suits pending the outcome of the Supplier Suit. Adjudication of Instacart's claims will simplify, if not fully resolve, the issues in the Customer Suits. The Customer Suits are in their relative infancy, and a stay will not prejudice GreatGigz.

### A.    Staying the Customer Suits Will Greatly Simplify the Issues.

Instacart is the exclusive supplier of the Instacart Software accused of infringement in the Customer Suits. *See* Dkt. No. 1 ¶ 45 ("[Customer] utilizes Instacart, via the [Customer] website and via Instacart's website and Instacart's ancillary sites (including Instacart's various Mobile Applications) for same-day delivery of groceries and other items purchased by [its] customers"). The Customer Defendants are merely end-users of the software. *See id*. GreatGigz has conceded that, "[w]ith regards to the [Customer] Cases, not only are the same patents asserted, but the defendants utilize the Instacart platform (the Accused Instrumentalities in the [Supplier] case)." No. 6-20-cv-00737, Dkt. No. 29 at 2. Thus, resolution of the issues in the Supplier Suit would drastically simplify, or resolve altogether, the same issues in these consolidated cases. *See, e.g., Katz*, 909 F.3d at 1464 (affirming stay of case against customers where "resolution of the major issues before that court, including patent infringement, [and] patent validity, … will resolve these issues as to their customers"); *Lighthouse Consulting Group, LLC v. Bank of America, N.A.*, No. 2:19-cv-250-JRG-RSP, 2020 WL 6781978, at *3 (E.D. Tex. Mar. 26, 2020) (noting that a stay would "result in a significant simplification" of the customer actions because the same issues would be resolved in the supplier action).

4

For example, a determination that the Instacart Software does not infringe the Asserted Patents or that the Asserted Patents are invalid would completely extinguish GreatGigz claims against the Customer Defendants. *See Grecia*, 2018 WL 4283358, at *2. The Customer Defendants' use of the Instacart Software can only infringe the Asserted Patents to the extent that the Instacart Software, accused in the Supplier Suit, is found to infringe the Asserted Patents. Moreover, even if GreatGigz were to win a damages award in the Supplier Suit, the double-recovery rule would prevent GreatGigz from obtaining an additional award for use of the same infringing technology. *See Asetek Holdings, Inc. v. CoolIT Systems, Inc.*, No. C-12-4498-EMC, 2013 WL 5640905, at *2 (N.D. Cal. Oct. 11, 2013) (citing *Transclean Corp. v. Jiffy Lube Int'l, Inc.*, 474 F.2d 1298, 1303 (Fed. Cir. 2007) (stating that "a patentee may not sue users of an infringing product for damages if he has collected actual damages from a manufacturer or seller, and those damage[s] fully compensate the patentee for infringement by users")).

Further, discovery in the Customer Suits will focus largely on Instacart, which possesses most, if not all, of the relevant evidence concerning design, development, manufacturing, and operation of the accused Instacart Software. Instacart also possesses much of the relevant financial information, including revenues, costs, benefits, and licensing, concerning the accused Instacart Software. Thus, a stay of the Customer Suits would allow for more streamlined discovery in the Supplier Suit and "would obviate the need for non-party discovery from [Instacart]" in the Customer Suits. *CyWee Group Ltd. v. Huawei Device Co. Ltd*., No. 2:17-cv-495, 2018 WL 4002776, at *3 (E.D. Tex. Aug. 22, 2018); *see also Lighthouse Consulting*, 2020 WL 6781978, at *3 (finding that a stay "would seem to simplify the resolution of discovery disputes" in the customer actions because the supplier possessed the salient technical and financial information about the accused product). In sum, Instacart is the "true defendant in the customer suit," *Katz*,

909 F.2d at 1464, and adjudication of Instacart's claims in the Supplier Suit will simplify or resolve the claims in the Customer Suits.

### B.    Staying the Customer Suits Will Not Unduly Prejudice or Present a Clear Tactical Disadvantage to GreatGigz.

Staying the Customer Suits pending resolution of the Supplier Suit will not unduly prejudice or present a clear tactical disadvantage to GreatGigz.

*First*, the major issues relevant to GreatGigz's Customer Suits—venue, patent validity, and infringement—will be heard in the Supplier Suit. *See Glob. Equity Mgmt.*, 2017 WL 365398, at *10 (no undue prejudice where validity and infringement would be heard in manufacturer's suit). Indeed, GreatGigz's complaints in the Customer Suits all allege infringement on the basis of Instacart Software, establishing that the issues of infringement and validity in the Customer Suits are essentially identical to those in the Supplier Suit. Further, GreatGigz has conceded that, "[w]ith regards to the [Customer] Cases, not only are the same patents asserted, but the defendants utilize the Instacart platform (the Accused Instrumentalities in the [Supplier] case)." No. 6-20-cv-00737, Dkt. No. 29 at 2.

*Second*, as a non-practicing entity, GreatGigz faces no danger of marketplace harm, such as loss of market share or price erosion. Indeed, GreatGigz "did not seek a preliminary injunction in this case, undermining [any] claim of undue prejudice." *ACQIS, LLC v. EMC Corp.*, 109 F. Supp. 3d 352, 358 (D. Mass. 2015); *see also Studer Prof'l Audio GmbH v. Calrec Audio Ltd.*, No. 2:12-cv-02278, 2012 WL 3061495, at *2 (D.N.J. July 25, 2012) (concluding that a stay would not unduly prejudice a plaintiff that did not seek a preliminary injunction).

Thus, because GreatGigz faces no undue prejudice or tactical disadvantage, this factor also weighs strongly in favor of a stay.

**C.    The Early Stage of the Customer Suits Favors a Stay.**

The next factor asks whether discovery is complete and whether a trial date has been set. This inquiry is aimed at determining whether litigation has progressed significantly enough for a stay to be disfavored. *See, e.g.*, *Nichia Corp.*, 2016 WL 9558954, at *1 ("Stays are favored in the interest of conserving judicial and party resources, and avoiding duplic[ative] litigation.").

The Customer Suits are in their infancy. As of the filing of this Motion, there has not even been an Answer filed to GreatGigz Complaints in the Customer Suits. There has been no Case Readiness Status Report, no Case Management Conference, and no additional deadlines have been set. The Answer to the Complaint is due on October 29, 2021. In addition, the Customer Defendants have diligently coordinated to submit this joint motion prior to Answering GreatGigz's Complaint. *See Nichia Corp.,* 2016 WL 9558954, at *2 ("Defendants' motion [to stay] and their actions to coordinate among all five groups of Defendants to submit a single, joint brief reflect conduct that is timely and appropriate. . . . The Court finds that the early stage of these proceedings weighs in favor of a stay."). On the other hand, the Supplier Suit was filed almost a year before the Customer Suits. Accordingly, this factor weighs strongly in favor of a stay. *Cf. CyWee Grp. Ltd.*, 2018 WL 4002776, at *4 (finding this factor weighed in favor of a stay even though claim construction had begun and a pretrial conference had been set); *Lighthouse Consulting*, 2020 WL 6781978, at *3 (finding this factor weighed "slightly in favor of" a stay, even where "discovery has already been ongoing for a few months" and the claim construction hearing was less than 6 weeks away).

**IV.    CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this joint motion be granted, and that the Customer Suits be stayed pending full and final resolution of the Supplier Suit.

Dated: October 4, 2021                    Respectfully submitted,

                                          FISH & RICHARDSON P.C.

                                          By:  */s/ Lance Wyatt*
                                               Neil J. McNabnay
                                               macnabnay@fr.com
                                               Texas Bar No. 24002583
                                               Ricardo J. Bonilla
                                               rbonilla@fr.com
                                               Texas Bar No. 24082704
                                               Lance Wyatt
                                               wyatt@fr.com
                                               Texas Bar No. 24093397
                                               Adil A. Shaikh
                                               shaikh@fr.com
                                               Texas Bar No. 24117039

                                               1717 Main Street, Suite 5000
                                               Dallas, Texas 75201
                                               (214) 747-5070 (Telephone)
                                               (214) 747-2091 (Facsimile)

                                          **ATTORNEYS FOR DEFENDANTS**
                                          **COSTCO WHOLESALE CORPORATION**
                                          **CVS HEALTH CORPORATION**
                                          **WALGREENS BOOTS ALLIANCE, INC.**

## **CERTIFICATE OF CONFERENCE**

The undersigned certifies that on October 4, 2021, counsel for Defendants and counsel for Plaintiff conferred via teleconference and Plaintiff is opposed to the relief sought in this motion.

                                          */s/ Lance Wyatt*
                                          Lance Wyatt

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that all counsel of record were electronically served with a copy of the foregoing on October 4, 2021, via the Court's CM/ECF system.

*/s/ Lance Wyatt*_____
Lance Wyatt