| GREATGIGZ SOLUTIONS, LLC, | |
|---|---|
| Plaintiff | **JURY TRIAL DEMANDED** |
| v. | |
| COSTCO WHOLESALE CORPORATION | Case No. 6:21-cv-00807-ADA |
| CVS HEALTH CORPORATION | Case No. 6:21-cv-00808-ADA |
| WALGREENS BOOTS ALLIANCE, INC., | Case No. 6:21-cv-00809-ADA |
| Defendants | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' JOINT MOTION TO STAY PENDING RESOLUTION OF INSTACART'S DECLARATORY JUDGMENT ACTION AGAINST GREATGIGZ**

Plaintiff GreatGigz Solutions, LLC ("Plaintiff" or "GreatGigz") respectfully submits this Brief in Opposition to Defendant's Joint Motion to Stay Pending Resolution of Instacart's Declaratory Judgment Action Against GreatGigz [Dkt. No. 12] ("Defendants' Motion").

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | Introduction ................................................................................................................1 | |
| II. | Efficiency and Judicial Economy Weigh Against a Stay ...........................................2 | |
| | A. | This Court's Standard Schedule is Much Faster Than the Typical Schedule in Florida ..............................................................................3 |
| | B. | Discovery Considerations Weigh Against a Stay ...........................................4 |
| III. | A Stay Would Unduly Prejudice GreatGigz ..............................................................4 | |
| IV. | A Stay of the Customer Suits Would Reward Instacart for Forum Shopping ...........5 | |
| V. | Conclusion ................................................................................................................6 | |

# TABLE OF AUTHORITIES

*Ambato Media, LLC v. Clarion Co., Ltd.,*
    2:09-cv-242-JRG, 2012 WL 194172 (E.D. Tex. Jan 23, 2012) .................................................. 4

*BBC Int'l Ltd. V. Lumino Designs, Inc.,*
    441 F. Supp. 2d 438 (E.D.N.Y. 2006) ..................................................................................... 5

*Genentech, Inc. v. Eli Lilly & Co.,*
    998 F.2d 931 (Fed. Cir. 1993) ............................................................................................. 2, 3

*In re Nintendo of Am. Inc.,*
    756 F.3d 1363 (Fed. Cir. 2014) ................................................................................................ 2

*Maplebear Inc. d/b/a Instacart v. GreatGigz Solutions, LLC,*
    9:21-cv-81998 (S.D. Fla. Oct. 29, 2021) ................................................................................. 1

*Tegic Commc'ns Corp. v. Bd. Of Regents of Univ. of Tex. Sys.,*
    458 F.3d 1335 (Fed. Cir 2006) ................................................................................................ 3

*Wilton v. Seven Falls Co.,*
    515 U.S. 277 (1995) ............................................................................................................ 2, 3

I.   **Introduction**

Defendants Costco Wholesale Corporation ("Costco"), CVS Health Corporation ("CVS") and Walgreens Boots Alliance, Inc. ("Walgreens") (collectively "Defendants") ask this Court to stay their respective actions (collectively the "Customer Suits") under the customer suit exception in favor of a declaratory judgment action brought by Instacart[1] in Florida.[2]

On August 14, 2020, GreatGigz filed a patent infringement lawsuit against Instacart in this District and Division.[3] Then, on October 27, 2020, rather than answering GreatGigz's complaint and asserting counterclaims regarding non-infringement and invalidity, Instacart instead filed a motion to dismiss for failure to state a claim and improper venue, or in the alternative, to transfer to the Northern District of California. *See* Instacart Suit, Dkt. 11 (the "Motion to Dismiss"). On August 4, 2021 and August 5, 2021, GreatGigz filed the present patent infringement lawsuits that are the subject of Defendants' Motion. At that point, in the interests of efficiency and judicial economy, Instacart could have withdrawn their Motion to Dismiss and asserted counterclaims regarding non-infringement and invalidity in this Court. However, Instacart did not.

On October 4, 2021, Defendants proceeded to file a Joint Motion to Stay Pending Resolution of Greatgigz's Suit Against Instacart ("Joint Motion to Stay").[4] On October 6, 2021, this Court granted Instacart's Motion to Dismiss based on improper venue, and Defendants withdrew their Joint Motion to Stay as moot. Instacart then proceeded to file the Florida Action on October 29, 2021.

The typical fact pattern for staying a customer suit in favor of a suit involving a manufacturer or supplier involves: (1) a large number of customers (typically resellers), each of which has

---

[1] Maplebear Inc. d/b/a Instacart ("Instacart").
[2] *Maplebear Inc. d/b/a Instacart v. GreatGigz Solutions, LLC*, 9:21-cv-81998 (S.D. Fla. Oct. 29, 2021) ("the Florida Action").
[3] *GreatGigz Solutions, LLC v. Maplebear, Inc. d.b.a Instacart*, 6:20-cv-00737 (the "Instacart Suit").
[4] *See* No. 6:21-cv-00809, Dkt. 7.

been sued for infringement; (2) the acts of infringement consists entirely of reselling a manufacturer's accused product; and (3) the manufacturer/supplier suit is located in a venue ***much more convenient to resolving the dispute***, usually the home district of the manufacturer/supplier. *See In re Nintendo of Am. Inc.*, 756 F.3d 1363, 1366 (Fed. Cir. 2014) (holding that the "benefits" of staying cases against eleven reseller customers and "trying the case against Nintendo in the Western District of Washington [Nintendo's U.S. principal place of business] are indisputable.").

None of these facts are present in these cases. GreatGigz has only three cases against three companies accused of using (not simply reselling) its own systems that incorporate the Instacart software. Further, Defendants are asking to stay these cases in favor of a suit brought in the Southern District of Florida, a district that is ***substantially less convenient*** for these matters than the Western District of Texas. Florida has no relation to the subject matter of this dispute other than being the state of incorporation of GreatGigz. Neither Defendants nor Instacart likely maintain any relevant documents or witnesses in Florida. Indeed, staying these cases would effectively serve to move this dispute farther away from the relevant witnesses and evidence. To wit, Instacart's headquarters is in San Francisco, making the Southern District of Florida approximately twice as far as the Western District of Texas with regards to the location of relevant documents and witnesses. Indeed, the Southern District of Florida is about as far away as you can get in the continental United States from Instacart's headquarters.

Further, a stay of these cases would unjustly deprive Plaintiff of its chosen venue and make the underlying dispute in these cases significantly less efficient and more complicated. *See Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 938 (Fed. Cir. 1993), abrogated on other grounds by *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) (under the customer suit exception, there "must, however, be sound reason that would make it ***unjust or inefficient*** to continue the first-filed action.").

II.     **Efficiency and Judicial Economy Weigh Against a Stay**

The customer suit exception recognizes that, in certain situations, a first-filed patent infringement suit against a "customer" may be stayed in favor of a later-filed suit against a supplier or manufacturer. *See generally Kahn v. Gen. Motors Corp.*, 889 F.2d 1078, 1081-82 (Fed. Cir. 1989). "There must, however, be sound reason that would make it ***unjust or inefficient*** to continue the first-filed action." *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 938 (Fed. Cir. 1993), abrogated on other grounds by *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) (emphasis added). The customer suit exception is not a bright-line rule that dictates that if there is a suit against a manufacturer or supplier, you must stay the case against the customer. Rather, "the guiding principal in the customer exception suit cases are ***efficiency and judicial economy***." *Tegic Commc'ns Corp. v. Bd. Of Regents of Univ. of Tex. Sys.*, 458 F.3d 1335, 1343 (Fed. Cir 2006) (recognizing that "it would not be demonstrably more efficient to stay the Texas suits in favor of Tegic's manufacturer's suit in Washington.') (emphasis added). As detailed below, efficiency and judicial economy in these cases weigh against a stay.

### A. This Court's Standard Schedule is Much Faster Than the Typical Schedule in Florida

According to this Court's default schedule in patent cases, claim construction is scheduled for 23 weeks following a Case Management Conference ("CMC"), dispositive motions are due 40 weeks after the claim construction hearing, and trial begins approximately 12 weeks after dispositive motions are due. Thus, in the Customer Suits, the claim construction hearings would occur around the beginning of May 2021, dispositive motions would be filed by around March 2022 and trial would begin around May 2022. According to publicly available statistics, patent cases assigned to Judge Middlebrooks in Florida take an average of 513 days *just to get to claim construction*.[5] Thus, this Court will have heard, and likely decided, dispositive motions *before the Florida court has even construed the claims*. Accordingly, continuing the Customer Cases in the Western District of Texas is a much more efficient use of judicial

---

[5] Source: Docket Navigator (accessed November 11, 2021).

resources.

### B. Discovery Considerations Weigh Against A Stay

Defendants argue that Instacart possesses most, if not all, "of the relevant evidence concerning design, development, manufacturing, and operation of the accused Instacart Software" and that "Instacart also possesses much of the relevant financial information, including revenues, costs, benefits, and licensing, concerning the accused Instacart Software." Defendants' Motion at 9. However, what Defendants failed to mention is that Instacart has argued that all of this relevant information is located at their headquarters in San Francisco, California. In Instacart's Motion to Dismiss, Instacart argued that it "maintains the bulk of its relevant documents relating to the design, development, and maintenance of the Accused Products and Services in its San Francisco office." Motion to Dismiss at 10.

This evidence is available in the Customer Suits via third-party discovery. Defendants have not explained how Instacart providing this evidence via third-party discovery in the Customer Suits would be more burdensome on Instacart than providing that same evidence in the Florida Action via regular discovery. To the contrary, the Western District of Texas is much more proximate to the source of Instacart's evidence than Florida, and thus would actually be less burdensome on Instacart. As discussed *supra*, Instacart's headquarters is in San Francisco, making the Southern District of Florida approximately twice as far as the Western District of Texas with regards to the location of relevant documents and witnesses. Indeed, in the interest of judicial economy and efficiency, Instacart should seek to intervene in the present Customer Suits in the Western District of Texas, which is much more convenient and proximate to the locus of evidence than the Southern District of Florida.

### III. A Stay Would Unduly Prejudice GreatGigz

A plaintiff has "an interest in the timely enforcement of its patent right." *Ambato Media, LLC v. Clarion Co., Ltd.*, 2:09-cv-242-JRG, 2012 WL 194172, at *1 (E.D. Tex. Jan 23, 2012). A stay of

the Customer Suits would cause unnecessary delay and unduly prejudice GreatGigz's enforcement of its patent rights against Defendants. As discussed *supra*, this Court will have heard, and likely decided, dispositive motions in the Customer Suits before the Florida court has even construed the claims in the Florida Action. Thus, a stay of the Customer Suits would unfairly hinder GreatGigz's right to timely enforce its patent rights against Defendants.

### IV. A Stay of the Customer Suits Would Encourage Forum Shopping

Instacart obviously has an interest in customer lawsuits in which their technology is accused. In this regard, a stay of the Customer Suits would benefit Defendants, and therefore Instacart, and would encourage the type of behavior exhibited by Instacart that the customer suit exception was *specifically* designed to deter – forum shopping. *See BBC Int'l Ltd. V. Lumino Designs, Inc.*, 441 F. Supp. 2d 438, 443 (E.D.N.Y. 2006) (the customer suit exception was created "for the *explicit purpose of deterring forum shopping.*") (emphasis added). As discussed *supra*, on August 4, 2021 and August 5, 2021, GreatGigz filed the Customer Suits in this Court. At that point, in the interests of efficiency and judicial economy, Instacart could have withdrawn their Motion to Dismiss and asserted counterclaims regarding non-infringement and invalidity in this Court, such that the Instacart Suit and the Customer Suits would all be heard in this Court. This Court would have then had options for the efficient resolution of the cases, such as consolidating at least some of the cases, synchronizing motion practice, etc. However, Instacart did not withdraw its Motion to Dismiss. Instead, it maintained the motion and, when it was granted, proceeded to file a declaratory judgment action (the Florida Action) in a jurisdiction in which they have no corporate offices, no documents or witnesses, and that is twice as far from its headquarters in San Francisco. This, after they asked this Court in the Instacart Suit (as an alternative to dismissal) to transfer the case to their home venue of Northern California ***for convenience***. So, apparently, transferring evidence and transporting witnesses from California to the Western District of Texas was too inconvenient

for Instacart, but transferring evidence and transporting witnesses from California to the Southern District of Florida is fine. This is blatant forum shopping that should not be encouraged.

## V. Conclusion

For at least the reasons set forth above, GreatGigz respectfully requests that the Court deny Defendants' Motion to Stay.

Dated:  November 12, 2021

Respectfully Submitted

*/s/ René A. Vazquez*
René Vazquez
Virginia Bar No. 41988
rvazquez@ghiplaw.com
M. Scott Fuller
Texas Bar No. 24036607
sfuller@ghiplaw.com
Randall Garteiser
Texas Bar No. 24038912
rgarteiser@ghiplaw.com

**GARTEISER HONEA, PLLC**
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile: (903) 405-3999

**ATTORNEYS FOR PLAINTIFF
GREATGIGZ, LLC**