# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| **GREATGIGZ SOLUTIONS, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**COSTCO WHOLESALE CORPORATION**<br><br>**CVS HEALTH CORPORATION**<br><br>**WALGREENS BOOTS ALLIANCE, INC.**<br><br>Defendant. | **PATENT CASE**<br><br>**JURY TRIAL DEMANDED**<br><br>Civil Action No: 6-21-cv-00807<br><br>Civil Action No: 6-21-cv-00808<br><br>Civil Action No: 6-21-cv-00809 |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR OPPOSED
JOINT MOTION TO STAY PENDING RESOLUTION OF
INSTACART'S DECLARATORY JUDGMENT ACTION AGAINST GREATGIGZ**

GreatGigz does not contest that the factors of the customer suit exception weigh in favor of staying the Customer Suits. Accordingly, GreatGigz does not contest that the Customer Defendants are mere end-users of the accused Instacart software, the Customer Defendants agree to be bound by the decisions in the declaratory judgment action filed by Instacart, and Instacart is the source of the Accused Instrumentalities at issue in the Customer Suits. Indeed, GreatGigz's Response does not even attempt to address these factors, which this Court "gives great weight." *Kirsch Rsch. & Dev., LLC v. Bluelinx Corp.*, 2021 WL 4555803, at *4 (W.D. Tex. Oct. 4, 2021). Nor could it, as GreatGigz in its Response concedes "Instacart obviously has an interest in customer lawsuits *in which their technology is accused*." (Doc. No. 15 at 5 (emphasis added).)

Rather than address these dispositive factors, GreatGigz attempts to turn the customer suit exception on its head, arguing that it would be more "convenient" to pursue litigation against Instacart's customers in Texas than in the pending case involving the true parties — GreatGigz and Instacart — in Florida. This theory finds no support in the law. Instead, GreatGigz describes the case now pending at its home in Florida as "forum shopping," suggesting that it would prefer that Instacart intervene in the Customer Suits, and that Instacart should have withdrawn its prior motion to dismiss GreatGigz's suit against Instacart in this District for improper venue; a motion that this Court granted. (Dkt. No. 15 at 4-6.) This is the height of irony considering GreatGigz's first suit against Instacart in this District was improperly venued, and to circumvent this venue problem, GreatGigz sued Instacart's **customers** in this District, accusing the same technology. To the extent any party has engaged in forum shopping, it is GreatGigz, not Instacart.

GreatGigz's retorts that litigating **three** separate suits against mere customers would be more convenient and efficient than litigating **one** suit against the "true defendant," Instacart, are also unfounded. And a stay of the Customer Suits would not unduly prejudice GreatGigz, as those

1

cases are in their infancy and will likely be set for trial to occur around the same time as the Supplier Suit. Accordingly, both the customer suit exception factors and the general stay factors weigh in favor of staying the Customer Suits pending resolution of the Supplier Suit.

### A. GreatGigz Does Not Address the Customer Suit Exception Factors, Which Weigh in Favor of a Stay

Because a manufacturer has a "presumed greater interest in defending its actions against charges of patent infringement; and to guard against possibility of abuse . . . courts apply the customer suit exception to stay earlier-filed litigation against a customer while a later-filed case involving the manufacturer proceeds in another forum." *Spread Spectrum Screenings LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011). This Court "gives great weight" to the three factors governing the customer suit exception: (1) whether the customer-defendant in the earlier-filed case is merely a reseller (or end user); (2) whether the customer-defendant agrees to be bound by any decision in the later-filed case that is in favor of the patent owner; and (3) whether the manufacturer is the only source of the accused instrumentality. *See Kirsch Rsch.*, 2021 WL 4555803, at *2, 4; *see also Upaid Systems, Ltd. v. CleanDan*, 2018 WL 5279567, at *2 (C.D. Cal. July 25, 2018) (explaining that customer suit exception can apply where customer "is simply a downstream retailer or ***end user*** of the allegedly infringing product") (emphasis added). Ultimately, the purpose of staying customer suits is "to avoid, if possible, imposing the burdens of trial on the customer, for it is the manufacturer who is generally the 'true defendant' in the dispute." *In re Nintendo of Am.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014) (quoting *Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 737–38 (1st Cir. 1977)).

Rather than address these important factors, GreatGigz ignores them. If anything, GreatGigz recognizes Instacart as the "true defendant": "Instacart obviously has an interest in customer lawsuits in which ***their technology is accused***." (Doc. No. 15 at 5 (emphasis added).)

The customer suit exception factors undoubtedly weigh in favor of a stay of the Customer Suits because the Customer Defendants are mere end-users of Instacart's software, the Customer Defendants agree to be bound by the decisions in the Supplier Suit, and Instacart is the only source of the Accused Instrumentalities at issue in the Customer Suits.

> **B.   A Stay of the Customer Suits is in the Interest of Efficiency and Judicial Economy**

Instead of addressing the customer suit exception factors, GreatGigz makes the unfounded assertion that litigating *three* separate cases against mere customers in this District would be more convenient and efficient than litigating *one* case against the Instacart, the true defendant. (*See* Dkt. No. 15 at 3-4.) In support of this argument, GreatGigz mischaracterizes the law. For example, GreatGigz tells this Court that for the customer suit exception to apply, "[t]here must, however, be reason that would make it ***unjust or inefficient*** to continue the first-filed action." (Dkt. No. 15 at 3 (quoting *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 938 (Fed. Cir. 1993)). But *Genentech* does not analyze the customer suit exception at all—it instead identifies customer suits as a recognized ***exception*** to the first-to-file rule, and thus as a circumstance where it would be unjust or inefficient to proceed with the first-filed case. *Genentech*, 998 F.2d at 937–38.[1] Even if GreatGigz's mischaracterizations were correct (they are not), a stay is still warranted here.

> **1.   The Supplier Suit Will Likely Be Set For Trial Near the Customer Suits**

GreatGigz is incorrect that this Court's schedule is "much faster" than in the Southern District of Florida. (*See* Dkt. No. 15 at 3.) Typically, Judge Middlebrooks, the district court judge presiding over the Supplier Suit, sets a trial date in patent cases ***less than 12 months*** after a

---

[1] *See also* Dkt. No. 15 at 3 (mischaracterizing *Tegic Commc'ns Corp. v. Board of Regents of Univ. of Tex. Sys.*, 458 F.3d 1335 (Fed. Cir. 2006), which held that the customer suit exception did not act to waive state university's sovereign immunity, and thus that the district court properly dismissed second-filed declaratory judgment action against university).

3

complaint is filed. (*See, e.g.*, Ex. A, *Osmose Utilities Services, Inc. v. Utility Testing & Geographic Info. Sys. LLC*, No. 2:20-cv-14327, Dkt. No. 10 (S.D. Fla. Sept. 22, 2020) (setting jury trial in patent case for May 10, 2021, approximately **8 months** after complaint was filed)).[2] Trial dates have not yet been set in the Customer Cases. Nevertheless, a trial date in the Supplier Suit will likely be set to occur near the trials in the Customer Suits, if not sooner.

### 2. Third-Party Discovery Across Three Suits is Less Convenient Than Party Discovery in One Suit

GreatGigz's further arguments regarding discovery considerations are misleading. (*See* Dkt. No. 15 at 4.) Instacart's declaratory judgment action in the Southern District of Florida involves the same accused Instacart software, the same Asserted Patents, and the same issues of noninfringement and invalidity. Additionally, Instacart's declaratory judgment action was filed in GreatGigz's **home forum**, where GreatGigz maintains its principal place of business. (*See* Dkt. No. 1 at ¶ 1.) Accordingly, GreatGigz's documents and witnesses are likely to be found in the Southern District of Florida. This makes the Southern District of Florida far more convenient for GreatGigz than this District, where it maintains **no** presence.

Further, in the Customer Suits, all discovery related to the Accused Instrumentalities—the Instacart software—would have to be obtained via third party discovery across three separate cases, whereas in the Supplier Suit, all discovery related to the Instacart software would be obtained via party discovery directly from Instacart, the true defendant. Indeed, GreatGigz concedes that evidence of the Accused Instrumentalities in the Customer Suits is only "available

---

[2] *See also* Ex. B, *Nuvinair, LLC v. Pristine Solutions, Inc.*, No. 9:18-cv-81524-DMM, Dkt. No. 7 (S.D. Fla. Nov. 29, 2018) (setting jury trial in patent case for September 30, 2019, approximately **11 months** after complaint was filed); Ex. C, *Spanakos v. Aronson*, No. 9:17-cv-80965-DMM, Dkt. No. 6 (S.D. Fla. Aug. 31, 2017) (setting jury trial in patent case for June 25, 2018, approximately **10 months** after complaint was filed).

… via third-party discovery." (Dkt. No. 15 at 4.) Third party discovery across the *three* Customer Suits is certainly more burdensome than party discovery in the *single* Supplier Suit.

### C. The General Stay Factors Also Weigh in Favor of a Stay

As to the general stay factors, GreatGigz's Response only addresses one of the three factors, arguing that it will be unduly prejudiced by a stay of the Customer Suits. (*See* Dkt. No. 15 at 4-5.) Accordingly, GreatGigz does not contest that a stay will simplify the issues or that discovery is complete and a trial date has been set. Nor could it. A stay of the *three* Customer Suits pending resolution of the *one* Supplier Suit will drastically simplify the issues because the Supplier Suit involves the same accused technology, the same Asserted Patents, and the same issues of noninfringement and invalidity. *See, e.g., Lighthouse Consulting Group, LLC v. Bank of America, N.A.*, No. 2:19-cv-250-JRG-RSP, 2020 WL 6781978, at *3 (E.D. Tex. Mar. 26, 2020). Further, fact discovery has not even begun in the Customer Suits and trial dates have not been set.

Additionally, because Judge Middlebrooks will likely set trial to occur in the Supplier Suit near the same time as the trials in the Customer Suits, if not sooner, GreatGigz's protestations of undue prejudice are unfounded. *See Glob. Equity Mgmt. (SA) Pty. Ltd. v. Ericsson, Inc.*, No. 2:16-cv-00618-RWS-RSP, 2017 WL 365398, at *10 (E.D. Tex. Jan. 25, 2017) (no undue prejudice where validity and infringement would be heard in manufacturer's suit). And because GreatGigz is a non-practicing entity, it faces no danger of marketplace harm, such as loss of market share or price erosion. Accordingly, staying the Customer Suits pending resolution of the Supplier Suit will not unduly prejudice or present a clear tactical disadvantage to GreatGigz.

### D. Conclusion

For the foregoing reasons, Defendants respectfully request that this joint motion be granted, and that the Customer Suits be stayed pending full and final resolution of the Supplier Suit.

| | |
|---|---|
| Dated: November 19, 2021 | Respectfully submitted, |
| | FISH & RICHARDSON P.C. |
| | By: */s/ Lance Wyatt* |
| | Neil J. McNabnay |
| | mcnabnay@fr.com |
| | Texas Bar No. 24002583 |
| | Ricardo J. Bonilla |
| | rbonilla@fr.com |
| | Texas Bar No. 24082704 |
| | Lance Wyatt |
| | wyatt@fr.com |
| | Texas Bar No. 24093397 |
| | Adil A. Shaikh |
| | shaikh@fr.com |
| | Texas Bar No. 24117039 |
| | |
| | 1717 Main Street, Suite 5000 |
| | Dallas, Texas 75201 |
| | (214) 747-5070 (Telephone) |
| | (214) 747-2091 (Facsimile) |

**ATTORNEYS FOR DEFENDANTS COSTCO WHOLESALE CORPORATION, CVS HEALTH CORPORATION, and WALGREENS BOOTS ALLIANCE, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record were electronically served with a copy of the foregoing on November 19, 2021, via the Court's CM/ECF system.

                                                  */s/ Lance Wyatt*
                                                  Lance Wyatt